IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY S. RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>JEANNE WOODFORD, Secretary of the California Department of Corrections and Rehabilitation, in her official capacity; and Captain A. TUCKER; Lieutenant T. KRENKE; Lieutenant R. BINKELE; and Sergeant M. THOMAS, in their individual capacities,<br><br>    Defendants.             / | No. C 05-5393 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST** |

This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that defendants retaliated against him for encouraging inmates to use the grievance system to challenge what he perceived as misconduct and attempting to interest outsiders in the alleged misconduct. Defendants have filed an unenumerated motion to dismiss for failure to exhaust administrative remedies. Plaintiff has opposed the motion to dismiss. For the reasons set out below the motion is **GRANTED**.

## DISCUSSION

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

1  other correctional facility until such administrative remedies as are available are exhausted." 42
2  U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in
3  prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 534 U.S. 516, 524
4  (2002). All available remedies must now be exhausted; those remedies "need not meet federal
5  standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted).

6       The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or
7  otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S.
8  Ct. 2378, 2382 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses
9  the term 'exhausted' to mean what the term means in administrative law, where exhaustion
10 means proper exhaustion." *Id.* at 2387. Therefore, the PLRA exhaustion requirement requires
11 proper exhaustion. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and
12 other critical procedural rules because no adjudicative system can function effectively without
13 imposing some orderly structure on the course of its proceedings." *Id.* at 2386. (footnote
14 omitted). Compliance with prison grievance procedures is all that is required by the PLRA to
15 "properly exhaust." *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007).

16      The State of California provides its inmates and parolees the right to appeal
17 administratively "any departmental decision, action, condition or policy perceived by those
18 individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also
19 provides its inmates the right to file administrative appeals alleging misconduct by correctional
20 officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this
21 system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2)
22 formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the
23 institution head or designee, and (4) third level appeal to the Director of the California
24 Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D.
25 Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under §
26 1997e(a). *Id.* at 1237-38.

27      Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d
28 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an

"unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Defendants' papers are sufficient to establish that plaintiff did not appeal his grievance through the third and final formal level (Decl. T. Variz at ¶ ¶ 6-7; Decl. N. Grannis at ¶ 4). He contends in response, however, that the screening out of his grievance by the appeals coordinator at the second formal level prevented him from exhausting, and thus that by attempting to appeal to the second formal level he had exhausted all the administrative remedies that were actually available to him.

The notice that the administrative appeal was being screened out at the second formal level contained a checkmark next to one of several listed reasons for returning an appeal that reads: "Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR 3084.1(a)." (Decl. Variz, Exh. B.) Handwritten in the "comments" section was: "This RVR was dism – you were found not guilty." (*Ibid.*) The form also says: "This screening action may not be appealed unless you allege that the above reason is inaccurate. In such a case, please return this form to the Appeal Coordinator with the necessary information. CCR Title 15, Section 3084.6(c)." (*Ibid.*) Rather than explaining to the appeals coordinator why the reason for screening out the appeal was inaccurate, as instructed on the form, plaintiff sent the appeal to the third (Director's) level, where it was rejected because he had not obtained a second-level decision (Decl. Grannis at Ex. B). He was told to contact the appeals coordinator at the second level if he contended that the screening-out at that level had been wrong (*Ibid.*). He does not contend that he took any further action, and there is nothing in the record to indicate that he did.

Plaintiff attempted to appeal the screening-out to the third level, as noted above. It is apparent from that appeal that he disagreed with the screening reason, because he says there that the fact he was found not guilty on the rules violation report is not sufficient reason to

3

screen out the grievance: "My requests do not deal with a finding of not guilty but complete expungement of all reference from my c-file among other things." (Decl. of R. Rodriguez, Exh.A at (unnumbered) 5.) That is, plaintiff both (1) disagreed with the reason his appeal was screened out; and (2) did not comply with the requirement that he explain to the appeals coordinator why the screening-out was "inaccurate" if he wished to proceed.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386 (footnote omitted).

In this case plaintiff did not comply with the agency's procedural rule by explaining to the appeals coordinator why the action he sought to appeal did indeed have an adverse effect upon his welfare, something he could have easily done, given that part of his contention was that the rules violation report should be expunged. He thus failed to properly exhaust. The motion to dismiss will be granted.

## CONCLUSION

The motion to dismiss (document number 6 on the docket) is **GRANTED**. The case is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 10, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.05\RODRIGUEZ393.MDSMS-EXH.wpd

4